UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES AWUSIN INKO-TARIAH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 22-cv-02802 (APM) |
| ) | |
| CAPITAL ONE ARENA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

**I.     INTRODUCTION**

Pro se Plaintiff Charles Awusin Inko-Tariah asserts claims of disability discrimination against Capital One Arena, Washington Capitals Hockey Club, and parent company Monumental Sports and Entertainment after attending a hockey game in January 2022.  Defendants have moved to dismiss for lack of subject-matter jurisdiction and for failure to state a claim.  For the reasons explained below, the motion will be granted.[1]

**II.     BACKGROUND**[2]

Plaintiff is deaf, speech impaired, and partially blind.  On January 2, 2022, Plaintiff attended a hockey game at Capital One Arena, where he "purchased a ticket worth $30.00+[.]" Compl., ECF No. 1, ¶ 6. When Plaintiff entered the arena, he introduced himself to the security staff "via iPhone text and explained that he is [a] deaf/partially blind hockey fan in need of

---

[1] In view of this disposition, Plaintiff's pending motions for appointment of counsel, ECF No. 3, and a jury trial, ECF No. 5, will be denied as moot.

[2] For current purposes, Plaintiff's factual allegations are accepted as true.

Jumbotron TV captioning." *Id*. ¶ 7.  A "burly built white male Events security staff alerted Supervisor Mariama by walkie-talkie who hurriedly showed up from her office[.]" *Id*.  Before ushering Plaintiff to his assigned seat, Mariama explained that "it is against etiquette to enter" to be seated while the game is in progress and asked Plaintiff to wait 20 minutes "until break time[.]" *Id*. ¶ 8.  Eventually, Mariama "ushered" Plaintiff to his assigned seat; she also consulted for an hour "with various events officials about reasonable accommodation." *Id*.  "The Jumbotron TV captioning" did not work "for over 1½ hour[s]." *Id*. ¶ 6.

The next day, on January 3, 2022, Plaintiff emailed a claim notice to Monumental Sports and Entertainment stating his intention to seek legal redress under the Americans with Disabilities Act, barring an out-of-court settlement.  Compl., Ex., ECF No. 1, at 18.  In August 2022, Plaintiff followed up with an email to the Washington Capitals, *id*. at 19, but Defendant "stonewalled," Compl. ¶ 9.  After contacting several legal organizations and the Department of Justice's Disability Rights Section to no avail, *id*. ¶¶ 10–11, Plaintiff decided to represent himself.  He filed this action on September 15, 2022, claiming deprivation "of [ ] equal opportunity due to defendant's refusal or failure to activate the Jumbotron TV captioning for over 1½ hour[s] despite repeated requests." *Id*. ¶ 6.  Invoking Section 504 of the Rehabilitation Act and Title III of the Americans with Disabilities Act (ADA), Plaintiff seeks "a total of $10,000,000 in both compensatory and punitive damages collectively against each defendant[ ] for humiliation, anguish and intentional infliction of emotional distress" and seemingly a "nationwide" injunction compelling "sensitivity training" at stadiums, bars, and restaurants and "mandating TV/Jumbotron captioning activated upon request for Deaf, Deaf/Partly-Blind and Hearing-Impaired fans or customers[.]" *Id*. ¶ 24.

## III. LEGAL STANDARD

### A. Rule 12(b)(1)

Defendants' motion to dismiss for lack of subject-matter jurisdiction arises under Federal Rule of Civil Procedure 12(b)(1). On a Rule 12(b)(1) motion, the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction over his claims. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). A court must accept all well-pleaded factual allegations in the complaint as true. *Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253–54 (D.C. Cir. 2005). A court is not limited to the allegations made in the complaint, however, and "may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000) (citing *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992)); *see also Jerome Stevens Pharm.*, 402 F.3d at 1253–54. Under Rule 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added); *D.C. Transit Sys., Inc. v. United States*, 717 F.2d. 1438, 1440 n.1 (D.C. Cir. 1983).

### B. Rule 12(b)(6)

Defendants' motion to dismiss for failure to state a claim upon which relief can be granted arises under Rule 12(b)(6). To survive such motions, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The factual allegations in the complaint need not be "detailed";

3

however, the Federal Rules demand more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (citing *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). If the facts as alleged fail to establish that a plaintiff has stated a claim upon which relief can be granted, a court must grant defendant's Rule 12(b)(6) motion. *See Am. Chemistry Council, Inc. v. U.S. Dep't of Health & Human Servs*., 922 F. Supp. 2d 56, 61 (D.D.C. 2013).

In evaluating a motion to dismiss under Rule 12(b)(6), the court must accept a plaintiff's "factual allegations . . . as true," *Harris v. D.C. Water & Sewer Auth*., 791 F.3d 65, 68 (D.C. Cir. 2015), and "construe the complaint 'in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged.'" *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979)). However, the court need not accept as true "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "inferences . . . unsupported by the facts set out in the complaint," *Kowal v. MCI Commc'ns Corp*., 16 F.3d 1271, 1276 (D.C. Cir. 1994). When performing the "context-specific task" of deciding whether a plausible claim has been stated, a court must "draw on its judicial experience and common sense[.]" *Iqbal*, 556 U.S. at 679.

### IV.   DISCUSSION

Defendants advance two threshold arguments for dismissal. They argue first that Plaintiff has stated no claim for money damages, Mem. at 7–8, ECF No. 16-1, and second that Plaintiff lacks standing to pursue injunctive relief, *id*. at 10–11. Because "a showing of standing is an essential and unchanging predicate to any exercise of a court's jurisdiction," *Fla. Audubon Soc'y v. Bentsen*, 94 F.3d 658, 663 (D.C. Cir. 1996) (cleaned up), the court will address the second

ground first. *See Dominguez v. UAL Corp.*, 666 F.3d 1359, 1362 (D.C. Cir. 2012) ("[E]very federal court has a 'special obligation to satisfy itself' of its own jurisdiction before addressing the merits of any dispute.").

**A. Standing**

The party invoking standing "bears the burden of showing that he has standing for each type of relief sought." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). To satisfy the "irreducible constitutional minimum of standing," a litigant must demonstrate that (1) he has suffered an injury in fact—the invasion of a legally protected interest; (2) the injury is fairly traceable to the defendant's challenged conduct (a causal connection); and (3) a favorable decision on the merits likely will redress the injury. *Lujan*, 504 U.S. at 560-61. The injury must be concrete and particularized and actual or imminent, not conjectural, hypothetical, or speculative. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 339–40 (2016). "This set of criteria implements Article III by limiting judicial intervention to only those disputes between adverse parties that are 'in a form . . . capable of judicial resolution.'" *Fla. Audubon Soc'y*, 94 F.3d at 663 (quoting *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 218 (1974)).

When, as here, a plaintiff seeks injunctive relief, "[t]he standing requirement . . . 'cannot be met absent a showing of a real or immediate threat that the plaintiff will be wronged again.'" *Jefferson v. Stinson Morrison Heckler LLP*, 249 F. Supp. 3d 76, 81 (D.D.C. 2017) (quoting *Deck v. Am. Haw. Cruises, Inc.*, 121 F. Supp. 2d 1292, 1297 (D. Haw. 2000)). "[H]arm in the past . . . is not enough to establish a present controversy, or in terms of standing, an injury in fact." *Am. Soc'y for the Prevention of Cruelty to Animals v. Ringling Bros. & Barnum & Bailey Circus*, 317 F.3d 334, 336 (D.C. Cir. 2003). Stated another way, "[b]ecause injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges, and ultimately

5

proves, a real and immediate—as opposed to merely conjectural or hypothetical—threat of future injury." *Nat. Res. Def. Council v. Pena*, 147 F.3d 1012, 1022 (D.C. Cir. 1998).

Defendants contend that Plaintiff lacks standing to seek injunctive relief because he alleges no plans to return to Capital One Arena and admits that his visit there "was only the second time he entered an indoor stadium since 1992." Mem. at 11 (citing Compl. ¶ 7). Plaintiff has not addressed Defendants' standing argument, *see generally* Pl.'s Opp., ECF No. 23, and the court agrees that his apparent indifference to returning to Capital One Arena for an event fails to establish "a real and immediate" threat of future harm. Therefore, the claim for injunctive relief is dismissed under Rule 12(b)(1) for want of standing.[3]

### B. Failure to State Claims for Monetary Relief

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). It is established that "[p]rivate parties bringing suit under Title III of the ADA are limited exclusively to injunctive relief." *Jefferson v. Stinson Morrison Heckler LLP*, 249 F. Supp. 3d 76, 80 (D.D.C. 2017); *see also* 42 U.S.C.A. § 12188(a) (cross-referencing "section 2000a-3(a)" as providing the applicable remedies and procedures for a violation of Title III of the ADA); *Am. Bus Ass'n v. Slater*, 231 F.3d 1, 5 (D.C. Cir. 2000) ("The remedies set forth in 42 U.S.C. 2000a–3(a) . . . do not include money damages."); *Reeves v. MV Transp., Inc.*, 845 F. Supp. 2d 104, 107 (D.D.C. 2012)

---

[3] In addition to lacking standing, Plaintiff as a pro se party cannot secure the sweeping nationwide injunction that he demands. *See* 28 U.S.C. § 1654 (in federal court, "parties may plead and conduct their own cases personally or by [licensed] counsel"); *cf. DeBrew v. Atwood*, 792 F.3d 118, 132 (D.C. Cir. 2015) ("a pro se litigant who is not trained as a lawyer is simply not an adequate class representative") (citing cases)).

("[O]nly injunctive relief is available for violations of Title III." (internal quotation marks omitted)). Therefore, Plaintiff's claim for monetary damages under the ADA fails.

Section 504 of the Rehabilitation Act provides in relevant part that "[n]o otherwise qualified individual with a disability in the United States . . . shall, *solely by reason of* her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a) (emphasis added). "Congress limited the scope of § 504 to those who actually 'receive' federal financial assistance because it sought to impose § 504 coverage as a form of contractual cost of the recipient's agreement to accept the federal funds." *U.S. Dep't of Transp. v. Paralyzed Veterans of Am.*, 477 U.S. 597, 605 (1986). Plaintiff alleges no facts from which to draw a plausible inference that Defendants are actual recipients of federal financial assistance. His only allegation regarding federal assistance is entirely conclusory. *See* Compl. ¶ 18. Moreover, the allegations do not support Plaintiff's disability as the *sole* reason for the exclusion. *See id.* ¶ 8 (suggesting that a technical problem with the closed-captioning system delayed its activation by 30 minutes). Failure to establish those essential elements provides sufficient reason to dismiss this claim.

In addition, the Supreme Court has held that neither punitive damages nor damages for emotional distress are recoverable in private suits under the Rehabilitation Act. *See Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562, 1576 (2022) (examining *Barnes v. Gorman*, 536 U.S. 181 (2002)). Therefore, Plaintiff's $10 million claim for "humiliation, anguish and intentional infliction of emotional distress" fails as well.

For the foregoing reasons, Defendants' motion to dismiss is granted. A separate order of dismissal accompanies this Memorandum Opinion.

Dated: May 10, 2023

Amit P. Mehta
United States District Judge